Dear: United States District Court

10·09·2023

OCT 13 2023 AM 8:48
FILED — USDC — NDTX — LU

5-23CV-244-‍H

Hello,

I Zackary Lee Vasquez am reaching out on my behalf due to the fact that I have been wrongfully charged of case # 22-8966 a re-Indictment of case # 19-8029. This charge is "Sexual Assault" the offense date is December 3rd, 2018. I was recently placed on Deferred Adjudication community supervision for 10 years as of Febuary 15th, 2023 5-6 years later from the offense date when case # 22-8750 this charge is "Stalking" and the offense date is January 6th, 20—  the way I have reviewed my paper work I started to v... that on one of the documents it states that "The court deferred proceedings, made no finding of guilt, and rendered no judgment." I have yet to understand if no finding of guilt was made why when placed on deferred Adjudication community supervision would the court order me to have to Register as a sex offender? This goes to show that I have been wrongfully charged I believe that there was no physical evidence such as "DNA", or any other type of evidence to place me physically to the charge of "Sexual assault" There was a statment wroten by me stating that something happened between me and the victim but I was young at the time such statment was made basically placing me guilty of such offense, but honestly and truthfully I know the Day of Offense I had not lived or seen said victim for over a year and a half or longer from date of said offense. If possible there can be an investigation for said offense would be great because deep down I know

ZLV

and believe that I am Inicent of such offense and believe there should be justice made for the wrongfully charge of such offense. I'm ~~currently~~ currently waiting to catch chain for 10 years TDCJ but if after investigation there is justice for my life then please reach out to my loved ones if I'm unable to be reached due to catching chain to TDCJ. Paper work will be sent as well with the information to my loved ones out in the free world.

Zackary Vasquez

*[signature]*

Dolores F. Vasquez (Mother) (432) 312-7091

Hilda Hughes (Aunt) (432) 661-6253

Jennifer Evans (Power of Attorny) (432) 599-5690

Annette Aransio (Power of Attorny) (432) 416-9526

Christy Lee Vasquez (Sister) (806) 200-9685

CASE NO. 22-8966    COUNT NO.
INCIDENT NO./TRN:

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE 106TH JUDICIAL DISTRICT |
| V. | § § | COURT OF |
| ZACHARY LEE VASQUEZ | § § § | DAWSON COUNTY, TEXAS |
| STATE ID NO.: TX17850379 | § | |

# ORDER OF DEFERRED ADJUDICATION

| | | | |
|---|---|---|---|
| Judge Presiding: | REED FILLEY | Date Proceedings Deferred: | 2/15/2023 |
| Attorney for State: | PHILIP MACK FURLOW<br>SARAH MOORE<br>KAYLA STALEY | Attorney for Defendant: | WILLIAM SEYMORE |

| | |
|---|---|
| Offense:<br>SEXUAL ASSAULT | |
| Charging Instrument:<br>INDICTMENT | Statute for Offense:<br>22.011(a)(2)PC |
| Date of Offense:<br>12/5/2018 | Defendant waived the right to trial by jury and entered the plea below:<br>GUILTY |
| Degree of Offense:<br>Second Degree Felony | Findings on Deadly Weapon:<br>N/A |
| 1st Enhancement Paragraph:<br>N/A | Finding on 1st Enhancement Paragraph:<br>N/A |
| 2nd Enhancement Paragraph:<br>N/A | Findings on 2nd Enhancement Paragraph:<br>N/A |
| Terms of Plea Bargain (if any): or  ☒ Terms of Plea Bargain are attached and incorporated herein by this reference.<br>N/A | |

## ADJUDICATION OF GUILT DEFERRED;

### DEFENDANT PLACED ON DEFERRED ADJUDICATION COMMUNITY SUPERVISION.

### PERIOD OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION: TEN (10) YEARS

### CONFINEMENT AS A CONDITION OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION:

☐ The Court ORDERS Defendant confined _____ DAYS in ☐ THE COUNTY JAIL ☐ A STATE JAIL FACILITY as a condition of deferred adjudication community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

| Fines:<br>$ 500.00 | Court Costs:<br>$ 290.00 | Reimbursement Fees:<br>$ |
|---|---|---|
| Restitution:<br>$ | Restitution Payable to:<br>(See special finding or order of restitution which is incorporated herein by this reference.) | |

☒ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.
**(For sex offender registration purposes only)** The age of the victim at the time of the offense was **14 YEARS OLD**  .

Was the victim impact statement returned to the attorney representing the State? **N/A**

This cause was called and the parties appeared. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared with Counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 106TH JUDICIAL DISTRICT |
| VS. | § | COURT OF |
| ZACHARY LEE VASQUEZ | § | DAWSON COUNTY, TEXAS |

NO. 22-8966

## ORDER IMPOSING CONDITIONS OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION

In accordance with the authority conferred by Article 42A of the Code of Criminal Procedure, the Court has placed the Defendant on deferred adjudication community supervision in the above-styled and numbered cause for the offense of **SEXUAL ASSAULT** for a period of <u>TEN (10) YEARS</u>. The Court hereby **ORDERS** the Defendant to comply with the following conditions of community supervision:

1. Obey all orders of this Court and the Community Supervision Officer;

2. Commit no offense against the laws of Texas or any other State or the United States;

3. Avoid injurious and vicious habits;

4. Consume no alcoholic beverages and not use any controlled substance, marijuana or dangerous drug without a prescription from a licensed physician;

5. Avoid persons of disreputable or harmful character;

6. Avoid places where the primary business is the selling and serving of alcoholic beverages; or sitting or standing by the bar of establishments that serve alcohol;

7. Report to the DAWSON County Community Supervision Officer on 2/15/2023, and report in person on or before the SECOND WEDNESDAY of each succeeding month thereafter during the term of community supervision; and if community supervision is transferred to another department, the defendant shall report in person to that department and by correspondence to this department;
   If the defendant is not a citizen of the United States at the time the defendant is placed on community supervision hereunder, and if the defendant is, during the term of this community supervision, deported from the United States, then the defendant shall report to his Community Supervision Officer by correspondence each month that the defendant is out of the country; and if the defendant re-enters the United States after such deportation, then the defendant is required, as a condition of this community supervision, to report in person to the defendant's Community Supervision Officer within five (5) days of the defendant's re-entry into the United States. Such involuntary absence from the United States shall not relieve the defendant of the requirements that the defendant comply with the terms and conditions of this community supervision order;

8. Obey all rules and regulations of the Community Supervision Department of this Court and of any other Community Supervision Department to which the defendant might be transferred for supervision;

9. Permit the Community Supervision Officer to visit the defendant at the defendant's home, place of employment or wherever the defendant may be physically present;

10. Submit his person, property, place of residence, vehicle and/or personal effects, to search at any time, upon reasonable suspicion, with or without a search warrant, warrant of arrest or other warrant, by any community supervision officer or law enforcement officer;

11. Work faithfully at suitable employment as far as possible, subject to the approval of the Court and/or the Community Supervision Officer;

12. Not change employment or place of residence without the permission of the Community Supervision Officer;

13. Remain within DAWSON County, Texas, unless permitted to depart by the Court and/or the Community Supervision Officer;

14. Pay a fee of $60.00 per month to this Court during the entire term of community supervision, the first such monthly payment to be made to the Community Supervision Officer on the first report date after the date of this judgment, and on each report date of each succeeding month thereafter for the remainder of the community supervision period, and payment of such fee is a condition of community supervision and of continuing community supervision;

15. Support all the lawful dependents of the defendant;

16. Pay all costs of Court herein in the amount of $290.00, said costs to be paid to the Community Supervision Officer herein named on or before thirty (30) days from the date of this judgment. If the costs of the Court are paid on or after the 31st day after the date of the judgment is entered, an additional $15.00 time payment fee will be assessed. The Community Supervision Officer shall record the payment of the costs upon the records of the defendant maintained by the Community Supervision Department, and deliver the costs paid by the defendant to the Clerk of this Court, who shall in turn, deliver same to the State Comptroller or County Treasurer as required by Law;

17. Pay the fine assessed herein in the amount of $500.00, said amount to be paid at the rate of $25.00 per month until said amount is paid in full. The payment is to be made to the Community Supervision Officer, who shall record the payment upon the records of the defendant maintained by the Community Supervision Department, and deliver the payment, as received, to the treasurer of this county;

18. Pursuant to Article 42A.301(b)(19) of the Texas Code of Criminal Procedure, the defendant will pay a Crime Victims' fee of $50.00, as an additional cost, payable within thirty (30) days of the date the defendant is placed on community supervision.

19. During such periods of time that the defendant is not employed, participate in a supervision work program not to exceed 1000 hours at the rate of not more than thirty-two hours per week under the direction of the Adult Community Supervision Department. During the time when the defendant is not participating in the supervision work program, the defendant shall seek employment;

20. Work 500 hours at a community service project for the 106th Judicial District Community Service Restitution Program, under the direction of the Adult Community Supervision Department. Said hours of community service to be performed at the rate of not less than twenty (20) hours per month during the term of community supervision. In lieu of performing said hours of community service and with the approval, agreement and at the direction of the 106th Judicial District Community Correction and Supervision Department, the defendant may make specified donations to a local food bank or food pantry with such funds being disbursed as determined by the 106th Judicial District Community Correction and Supervision Department;

21. Upon request of the Community Supervision Officer, attend counseling sessions for alcohol and/or drug abuse including but not limited to the out-patient treatment alternative to incarceration program (TAIP), check abuse, sex abuse, and such other programs as designated by the Community Supervision Officer as being necessary for the rehabilitation of the defendant, and pay the costs associated with any such programs;

22. Upon request of the Community Supervision Officer or Law Enforcement Officer, submit a sample of his/her breath for the purpose of determining whether the defendant has consumed an alcoholic beverage or illegal drug. Upon request of the Community Supervision Officer or Law Enforcement Officer, submit to a test (the method by which to be determined by CSCD) to determine if the defendant has been consuming alcohol or illegal drugs. The defendant shall pay all costs incurred for such testing;

23. Attend and successfully complete Drug Awareness Class;

24. Upon request of the Community Supervision Officer, submit to electronic monitoring and pay all costs incident thereto and comply in all respects with the electronic monitoring program;

25. If the defendant does not have a high school diploma or a GED, the defendant shall complete the educational requirements to obtain the high school diploma or GED and/or the defendant shall submit to an educational skill level screen provided by the Community Supervision and Corrections Department;

26. Unless enroute to the defendant's place of employment or to the defendant's residence from the place of employment, the defendant will have a curfew, at which time the defendant shall remain at home, Monday through Sunday from 11:00 p.m. to 7:00 a.m.;

27. The defendant is ordered to provide, under the supervision of the Adult Community Supervision Department, a DNA sample for the purpose of creating a DNA record for all persons convicted of a felony unless the defendant has already submitted the required sample under state law;

28. The defendant understands that the Judge may, at any time during the period of the defendant's community supervision, alter or modify the conditions of the community supervision;

HONORABLE REED A. FILLEY
JUDGE PRESIDING
2/15/2023
DATE SIGNED

printed by:
Q.H
R.Th.-b
2-15-23

Both parties announced ready for trial. Defendant waived the right to a jury and entered the plea indicated above. The Court admonished Defendant. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS that such evidence substantiates Defendant's guilt. However, the Court FINDS that it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on deferred adjudication community supervision.

Therefore, the Court ORDERS no judgment entered at this time. The Court further ORDERS Defendant placed on deferred adjudication community supervision for the period of time indicated above as long as Defendant abides by the conditions of the deferred adjudication community supervision.

The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above and further detailed below.

The document setting forth the conditions of deferred adjudication community supervision is attached and incorporated herein by this reference.

<u>Fines Imposed Include</u> (check each fine and enter each amount as pronounced by the court):
- ☒ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $ 500.00 (not to exceed $10,000)
- ☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $       ($5.00/per month of community supervision)
- ☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $       ($100)
- ☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $       ($100)
- ☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) $       ($100)
- ☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $       ($50)
- ☐ State Traffic Fine (§ 542.4031, Transp. Code) $       ($50)
- ☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $       (not to exceed $50)
- ☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $       (To Be Determined by the Court)
- ☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $       (not to exceed $50)
- ☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $       (not to exceed $6,000)

<u>Furthermore, the following special findings or orders apply:</u>

500 CSR

This case will run concurrent with Cause No. 22-8966

Lifetime Protection Order for Victim in said case.

Signed on 2/15/2023

X _____
JUDGE PRESIDING

Right Thumbprint

Zachary Lee Vasquez
401 S. 2nd St
Lamesa TX, 79331

Legal Mail

United States District Court
Office of the Clerk
Northern District of Texas
1205 Texas Ave, Room 209
Lubbock TX, 79401

LUBBOCK TX 794
10 OCT 2023 PM 2 L

79401-402759

RECEIVED
OCT 13 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

INMATE CORRESPONDENCE